**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
Richard F. Cauley, Esq. (SBN: 109194)
  richardcauley@whgclaw.com
Jeffrey C.P. Wang, Esq, (SBN: 144414)
  jeffreywang@whgclaw.com
Lindy M. Herman, Esq. (SBN: 247017)
  lindyherman@whgclaw.com
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Tel: (949) 833-8483 | Fax: (949) 833-2281

**Attorney for Plaintiff,**
**TIGRA TECHNOLOGY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

SACV10-01623 DOC(VBKx)

| | |
|---|---|
| TIGRA TECHNOLOGY, <br> a California limited liability company <br><br><br><br> Plaintiff, <br><br> vs. <br><br> TECHSPORT LTD, <br> a Hong Kong company; <br><br><br><br> Defendant. | **CASE NO.:** _____ <br><br> **COMPLAINT FOR DAMAGES; INJUNCTIVE RELIEF; AND DECLARATORY RELIEF FOR:** <br><br> (1) **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)] <br><br> (2) **UNLAWFUL IMPORTATION OF GOODS BEARING FALSE DESIGNATION OF ORIGIN** [Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(b)] <br><br> (3) **FEDERAL ANTI-CYBERSQUATTING** [Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)] <br><br> (4) **TRADEMARK INFRINGEMENT** [California Common Law]; <br><br> (5) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [California Business & Professions Code §§ 17200 et. seq.]; |

1

(6) **UNFAIR COMPETITION**
[California Common Law];

(7) **FALSE ADVERTISING**
[California Business &
Professions Code §§ 17500 et
seq.]

(8) **DECLARATION OF NON
INFRINGMENT OF
ALLEGED TRADE DRESS**
[California Common Law]

(9) **DECLARATION OF NON
INFRINGMENT OF
ALLEGED TRADE MARKS**
[California Common Law]

(10)   **AN ACCOUNTING**
[California Common Law];

**AND**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF

Tigra Technology, a California limited liability company, with a principal place of business at 31878 Del Obispo Street, Suite 118-457, San Juan Capistrano, California 92675, USA (hereinafter "Plaintiff," "TigraTech," or "Trademark Owner"), for its Complaint against Techsport Ltd, a Hong Kong company, with its principal place of business at 2005 Chit Lee commercial Building, 30-36 Shaukeiwan Road, Shaukeiwan, Hong Kong (hereinafter "Defendant," or "Techsport"), alleges as follows:

### JURISDICTION AND VENUE

#### Subject Matter Jurisdiction

1. The First, Second, and Third Claims for Relief relate to trademark and arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

2

2.  The Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Claims for Relief arise under California statutory and common law.  Jurisdiction in this Court is proper for these Claims for Relief pursuant to 28 U.S.C. § 1338(b) in that such claims are joined with substantial and related claims brought under the trademark laws of the United States, 15 U.S.C. § 1051, et seq.  This Court also has jurisdiction for all of the state law claims on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a) in that the federal and state law claims alleged herein are based on the same operative facts, and the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties.

3.  This action seeks declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.  It presents an actual case or controversy under Article III of the United States Constitution and serves a useful purpose in clarifying and settling the legal rights at issue.

4.  Additionally, the court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 as the defendant is a foreign entity with a foreign residence and damages in this matter are likely to exceed $75,000.

**Personal Jurisdiction**

5.  This court has personal jurisdiction over the Defendant because, Plaintiff is informed and believes, and on that basis alleges, that the Defendant does business, has distributed products, offered its products, and sold its products, and have otherwise conducted business in this District sufficient to subject them to personal jurisdiction in California and in this court.

6.  Additionally, Plaintiff is informed and believes, and on that basis alleges, the Defendant has committed acts that avail themselves of California law and that caused injury to persons in California, sufficient to subject them to personal jurisdiction in California.

COMPLAINT FOR DAMAGES; INJUNCTIVE RELIEF; AND DECLARATORY RELIEF

### Venue

7.  Defendant is a foreign company; Plaintiff resides in this judicial district and has suffered harmed in this district.  Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3), as a substantial amount of damages occurred in this district.

8.  Additionally, venue is proper under 28 U.S.C. § 1391(d) as Defendant is an alien.

### **THE PARTIES**

9.  Plaintiff is a company that manufactures and distributes bicycle accessories, namely, consoles mounted to bicycles which are intended to hold various versions of the Apple® iPhone®, iPod® and iTouch (hereinafter "Apple Products"), accessories for mounting the console, and audio speakers which are also mounted to bicycles.

10. Plaintiff manufactures its products overseas, imports them to the U.S., and sells them nationwide, including throughout California, and internationally.

11. Defendant is a company that manufactures bicycle accessories similar to Plaintiffs and distributes its products, via its distributors, throughout Asia, Europe and the United States

### **GENERAL ALLEGATIONS**

12. In April of 2009, Techsport and TigraTech (the "Parties") met at a tradeshow where Techsport's owner, Timothy Ho, expressed his desire to bring his consoles to the U.S. Market however did not have the means or business contacts at this point to do so.

13. On or about mid-2009, the Parties entered into discussions wherein the Parties contemplated TigraTech becoming a distributor for Techsport's products, including its consoles, throughout North and South America.

14. These discussions resulted in the drafting and execution of a Distribution Agreement.

4

15. Shortly thereafter, it became apparent that Techsport was unable to perform under the Distribution Agreement as it was unable to provide product for TigraTech to distribute and the Distribution Agreement was terminated.

16. Given the popularity of the Apple Products, and Techsport's failure to enter the U.S. market, TigraTech chose to manufacture and distribute its own consoles for mounting the Apple Products to bicycles.

17. TigraTech manufactures consoles and distributes its consoles throughout California and the U.S. under the distinctive marks TIGRA and TIGRA TECHNOLOGIES.

18. Due to the substantial marketing efforts of TigraTech, its consoles and speakers have become widely popular and the company has enjoyed substantial success.  The consuming public has come to associate TigraTech's products with its distinctive TIGRA and TIGRA TECHNOLOGY trademarks.

19. TigraTech has not licensed, authorized, or otherwise consented to Techsport's use of the TIGRA and TIGRA TECHNOLOGY marks or any other marks incorporating the word "tigra," including TIGRA SPORT.

20. Techsports is not an authorized manufacturer, distributor, or retailer of genuine TigraTech products.

21. Techsport has since introduced its products to the U.S. market and has attempted to capitalized on TigraTech's success by marketing its consoles under the mark TIGRA SPORT, and various designs incorporating the words "tigra," throughout California and the U.S.

22. TigraTech is informed and believes, and on that basis alleges, that Techsport owns the registration for the domain name www.tigrasport.com through which it promotes and offers its consoles.

23. The Defendant is not authorized to use the marks or names TIGRA and TIGRA TECHNOLOGY marks in the United States and in California pre-dates any use of any mark incorporating "tigra," including TIGRA SPORT or the

5

1  domain name www.tigrasport.com in association with its website or any other

2  products or services.

3      24. TigraTech's use of the TIGRA and TIGRA TECHNOLOGY marks in

4  the United States and in California pre-dates any use of any mark incorporating

5  "tigra" by Techsport in the State of California and throughout the U.S.

6      25. TIGRA and TIGRA TECHNOLOGY marks have been continually

7  used in inter-state and intra-state since its date of first use.

8      26. Techsport has not registered any mark incorporating "tigra" with the

9  U.S. Patent and Trademark Office nor has Techsport registered any mark

10  incorporating "tigra" with the State of California.

11  ### FIRST CAUSE OF ACTION

12  ### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF

13  ### ORIGIN

14  **[Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)]**

15      27. TigraTech realleges and incorporates the above allegations as though

16  fully set forth herein.

17      28. The TIGRA and TIGRA TECHNOLOGY marks have become

18  associated with and hence identifies TigraTech and its products and services and

19  no other business, products, or services.

20      29. By reason of Techsport's wrongful use of the TIGRA and TIGRA

21  TECHNOLOGY marks, and any other marks incorporating the word "tigra,"

22  including TIGRA SPORT, in connection with the manufacture, offer for sale, and

23  sale of Techsport's products, purchasers and prospective purchasers of

24  Techsport's products and services are deceptively led to believe that Techsport's

25  products and services originate with or are sponsored by, or otherwise authorized

26  by, TigraTech when in fact Techsport has no connection whatsoever with

27  TigraTech.

28      30. The actions complained of herein constitute false designations of

origin that are likely to cause confusion and create a false association, connection or affiliation between Techsport and TigraTech and/or the TIGRA and TIGRA TECHNOLOGY marks.  Techsport's unauthorized and infringing products sold and distributed bearing the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating the word "tigra," including TIGRA SPORT are likely to cause confusion or to deceive as to the affiliation, connection or association of TigraTech and/or the TIGRA and TIGRA TECHNOLOGY with Techsport, and as to the origin, sponsorship and/or approval of Techsport's products.

31. Techsport's misleading use of the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating the word "tigra," including TIGRA SPORT has a substantial effect on interstate commerce and on TigraTech's use of the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating the word "tigra," including TIGRA SPORT and constitutes false advertising, false designation of origin, and false representation of the origin of Techsport's products and services in and affecting interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. The foregoing acts of Techsport constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. As a direct and proximate result of Techsport's acts of unfair competition and false designation of origin, TigraTech has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

34. TigraTech has no adequate remedy at law against Techsport's acts of unfair competition and false designation of origin as alleged herein.  Unless Techsport are permanently enjoined from their acts of unfair competition and false designation of origin, TigraTech will continue to suffer irreparable harm.

///

7

# SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)]

35. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

36. The TIGRA and TIGRA TECHNOLOGY marks have become associated with and hence identifies TigraTech and its products and services and no other business, products, or services.

37. By reason of Techsport's wrongful importation of goods bearing the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating the word "tigra," including TIGRA SPORT, purchasers and prospective purchasers of Techsport's products and services are deceptively led to believe that Techsport's products and services originate with or are sponsored by, or otherwise authorized by, TigraTech when in fact Techsport has no connection whatsoever with TigraTech.

38. The actions complained of herein constitute importation of goods bearing a false designations of origin that are likely to cause confusion and create a false association, connection or affiliation between Techsport and TigraTech and/or the TIGRA and TIGRA TECHNOLOGY marks.

39. Techsport's unauthorized importation of products bearing bearing the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating the word "tigra," including TIGRA SPORT, are likely to cause confusion or to deceive as to the affiliation, connection or association of TigraTech and/or the TIGRA and TIGRA TECHNOLOGY with Techsport, and as to the origin, sponsorship and/or approval of Techsport's products.

40. Techsport's unauthorized importation of products bearing bearing the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating

8

the word "tigra," including TIGRA SPORT has a substantial effect on interstate commerce and on TigraTech's importation of such products bearing a false representation of origin is in violation of Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(b).

41. As a direct and proximate result of Techsport's unauthorized importation of products bearing the TIGRA and TIGRA TECHNOLOGY marks and any other marks incorporating the word "tigra," including TIGRA SPORT, TigraTech has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

42. TigraTech has no adequate remedy at law against Techsport's acts of importation of products bearing a false designation of origin as alleged herein. Unless Techsport is permanently enjoined from importation of products bearing a false designation of origin, TigraTech will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION

### FEDERAL ANTI-CYBERSQUATTING

### [Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d))]

43. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

44. As a direct result of, the duration and extent of use by TigraTech of the TIGRA, TIGRA TECHNOLOGY or any mark incorporating the word "tigra," including TIGRA SPORT in connection with the goods and services offered by TigraTech, the duration and extent of TigraTech's advertising and publicity of the marks, the geographical extent of the trading area in which the marks are used, the channels of trade for the goods offered by TigraTech and with which the marks are used, the degree of recognition of the marks in the trading areas and channels of trade of TigraTech and Techsport, and the lack of authorized use of the same or similar marks by third parties the TIGRA, TIGRA TECHNOLOGY marks are

9

COMPLAINT FOR DAMAGES; INJUNCTIVE RELIEF; AND DECLARATORY RELIEF

distinct.

45. Techsport, by using the TIGRA, TIGRA TECHNOLOGY marks, or any mark incorporating the word "tigra," including TIGRA SPORT in connection with Techsport's Internet website and by the registration and use of the internet domain name www.techsport.com incorporating the TIGRA mark, which was distinctive at the time of registration of the domain name www.tigrasport.com, dilute the goodwill of TigraTech and the distinctive quality of its marks. Techsport's activities constitute a violation of 15 U.S.C. § 1125(d) and constitute cybersquatting.

46. Techsport, by using the TIGRA, TIGRA TECHNOLOGY marks, or any mark incorporating the word "tigra," including TIGRA SPORT in connection with Techsport's website, offering goods and services under the TIGRA, TIGRA TECHNOLOGY marks, or any mark incorporating the word "tigra," including TIGRA SPORT marks, are misleading the public into believing that Techsport and their internet websites, business, products, and services are associated with, sponsored by, or otherwise authorized by TigraTech and thereby tarnish the distinctive quality of the TIGRA, TIGRA TECHNOLOGY marks.

47. Techsport, by using the TIGRA, TIGRA TECHNOLOGY marks, or any mark incorporating the word "tigra," including TIGRA SPORT in connection with Techsport's internet websites and by the registration and use of the Internet domain name www.tigrasport.com, which is identical or confusingly similar to the TIGRA, TIGRA TECHNOLOGY marks, is misleading the public into falsely believing that Techsport and their internet website, business, products, and services are associated with, sponsored by, or otherwise authorized by, TigraTech.

48. Techsport, by using the TIGRA, TIGRA TECHNOLOGY marks, or any mark incorporating the word "tigra," including TIGRA SPORT in connection with Techsport's internet websites, have a bad faith intent to profit from the unauthorized use of the TIGRA, TIGRA TECHNOLOGY marks in its internet

10

domain names and are cybersquatting, as evidenced by:

(a)    Techsport knew and knows of TigraTech's rights in its trademark, service marks, and trade names;

(b)    The www.tigrasport.com domain name registered by Techsport is nearly identical or confusingly similar to TigraTech's TIGRA, TIGRA TECHNOLOGY marks;

(c)    Techsport has failed to use the www.tigrasport.com domain name in connection with a bona fide offering of any authorized goods or services or in connection with a noncommercial or fair use; and

(d)    Techsport has intended to divert consumers seeking TigraTech's own website to the www.tigrasport.com website by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the websites.

49. Techsport's cybersquatting and acts as alleged herein are likely to deprive TigraTech of the benefit of the goodwill attached to the TIGRA, TIGRA TECHNOLOGY marks, injure TigraTech's business reputation, and dilute the distinctive quality of the TIGRA, TIGRA TECHNOLOGY marks.

50. As a direct and proximate result of Techsport's acts of cybersquatting, TigraTech has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

51. TigraTech has no adequate remedy at law against Defendant' acts of cybersquatting as alleged herein. Unless Techsport is permanently enjoined from their acts of cybersquatting, TigraTech will continue to suffer irreparable harm.

///

///

COMPLAINT FOR DAMAGES; INJUNCTIVE RELIEF; AND DECLARATORY RELIEF

# FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT

### [California Common Law]

52. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

53. By reason of the foregoing, TigraTech has acquired common law trademark rights in its TIGRA and TIGRA TECHNOLOGY marks in connection with, among other things, consoles mounted to bikes for the purpose of holding the Apple Products.

54. Techsport's use of the mark TIGRA SPORT and marks incorporating "tigra," as alleged herein, is misleading and is likely to cause confusion and mistake, and to deceive the public into believing that Techsport and Techsport's products are authorized by, licensed by, sponsored by or otherwise associated with the common law trademarks owned by TigraTech.  Such use constitutes trademark infringement under California common law

55. Upon information and belief, the acts and conduct of Techsport complained of constitute willful and deliberate infringement of TigraTech's common law rights in the State of California and will continue in willful and wanton disregard of TigraTech's valuable trademark rights

56. As a direct and proximate result of Techsport's acts of trademark infringement, TigraTech has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known

57. TigraTech has no adequate remedy at law against Techsport's acts of trademark infringement as alleged herein.  Unless Techsport is permanently enjoined from its acts of trademark infringement, TigraTech will continue to suffer irreparable harm.

58. In acting as alleged herein, Techsport has acted intentionally and

12

despicably with oppression, fraud, and malice toward TigraTech. TigraTech therefore is entitled to an award of punitive damages for the sake of example and by way of punishing Techsport pursuant to California Civil Code § 3294.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [California Business & Professions Code §§ 17200 et. seq. ]

59. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

60. TigraTech is registered with the California Secretary of State as Tigra Technology, a California limited liability company, and is therefore entitled to a rebuttable presumption that it has the exclusive right to use TIGRA TECHNOLOGY in the State of California.

61. TigraTech is informed and believes, and on that basis alleges, that Techsport's use of marks incorporating "tigra" in association with products similar, if not identical to TigraTech's products, and the goodwill associated therewith, acts of passing off, and an infringement of TigraTech's common law rights, have a substantial effect on commerce, and constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of Sections 17200 and 17500, et seq., of the California Business and Professions Code.

62. TigraTech is informed and believes, and on that basis alleges, that Techsport willfully intended, and continues to trade on TigraTech's reputation and to cause injury to TigraTech. Techsport's acts of engaging in the conduct described herein, constitute willful and deliberate unfair competition and will continue in willful and wanton disregard of TigraTech's valuable trademark rights.

63. As a direct and proximate result of Techsport's acts of unfair competition and false designation of origin, TigraTech has been and continues to

13

1  be injured in its business and property and has sustained and will continue to

2  sustain substantial damage to its business, goodwill, reputation, and profits in an

3  amount not presently known.

4      64. TigraTech has no adequate remedy at law against the Techsport's

5  acts of unfair competition and false designation of origin as alleged herein.

6  Unless Techsport is permanently enjoined from its acts of unfair competition and

7  false designation of origin, TigraTech will continue to suffer irreparable harm.

8  ## SIXTH CAUSE OF ACTION

9  ## UNFAIR COMPETITION

10  **[California Common Law]**

11      65. TigraTech realleges and incorporates the above allegations as though

12  fully set forth herein.

13      66. TigraTech's TIGRA and TIGRA TECHNOLOGY marks have

14  become associated with, and hence identify, TigraTech's business and its products

15  and no other business or products.  TigraTech owns and enjoys common law

16  trademark rights in the TIGRA and TIGRA TECHNOLOGY marks in California

17  and throughout the United States.

18      67. As alleged herein, the Techsport has unfairly competed against

19  TigraTech in violation of California law by using marks incorporating the word

20  "tigra" to induce the public into believing that Techsport is associated with, the

21  business, products, and services that originate with or are authorized by,

22  TigraTech, thereby allowing Techsport to trade upon the reputation of and

23  goodwill inherent in the TIGRA and TIGRA TECHNOLOGY marks to their

24  commercial benefit.

25      68. Techsport's unauthorized use of TigraTech's TIGRA, TIGRA

26  TECHNOLOGY, and other marks incorporating the word "tigra," has caused and

27  is likely to cause confusion as to the source of Techsport's goods, all to the

28  detriment of TigraTech.

14

COMPLAINT FOR DAMAGES; INJUNCTIVE RELIEF; AND DECLARATORY RELIEF

69. Techsport's unlawful acts in appropriating rights in TigraTech's common law TIGRA and TIGRA TECHNOLGY marks are intended to capitalize on TigraTech's goodwill for Techsport's own pecuniary gain.  TigraTech has expended substantial time, resources and effort to obtain an excellent reputation for itself, and its mark.  As a result of TigraTech's efforts, Techsport is now unjustly enriched and is benefiting from property rights that rightfully belong to TigraTech.

70.  As a direct and proximate result of Techsport's acts of unfair competition, TigraTech has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

71.  TigraTech has no adequate remedy at law against Techsport's acts of unfair competition as alleged herein.  Unless Techsport is permanently enjoined from its acts of unfair competition, TigraTech will continue to suffer irreparable harm.

72.  In acting as alleged herein, Techsport has acted intentionally and despicably with oppression, fraud, and malice toward TigraTech.  TigraTech therefore is entitled to an award of punitive damages for the sake of example and by way of punishing Techsport pursuant to California Civil Code § 3294.

## SEVENTH CAUSE OF ACTION

### FALSE ADVERTISING

**[California Business & Professions Code §§ 17500 et sec.]**

73. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

74. As alleged herein, the Techsport has used marks incorporating the word "tigra" to induce the public into believing that Techsport is associated with, the business, products, and services that originate with or are authorized by, TigraTech.

15

75. Such acts were intended to induce the customers of TigraTech to purchase products from Techsport, believing them to be products of TigraTech.

76. As a direct and proximate result of Techsport's acts of false advertising, TigraTech has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

77. TigraTech has no adequate remedy at law against the Techsport's acts of false advertising as alleged herein.  Unless Techsport is permanently enjoined from its acts of false advertising, TigraTech will continue to suffer irreparable harm.

## EIGHTH CAUSE OF ACTION

## DECLARATION OF NON INFRINGMENT OF ALLEGED TRADE DRESS

### [California Common Law]

78. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

79. An actual controversy exists regarding TigraTech's console and whether TigraTech's console violates any trade dress rights in Techsport's consoles.  Specifically, Techsport claims it owns trade dress rights in the design of the consoles; TigraTech contends that the console, and all its features, is purely functional, therefore there are no features which can constitute an element of trade dress to which Techsport may claim a right.

80. Techsport does not own any patent registrations, design patent registrations, or trade dress registrations, or common law trade dress in its consoles.

81. Techsport's consoles are designed in a shape to fit the Apple Products, to allow the user to control the functions on the Apple Products (particularly while riding a bike), and to allow access to the ports located on the Apple Products (e.g. speaker / headphone jacks).  They are designed to minimize bulk, so as to not

16

interfere with the operation of the bicycle, while also protecting the Apple Products from damage, and for durability in their use while riding a bicycle (e.g. to be weather resistant).

82. There is nothing inherently distinctive about Techsport's consoles that would warrant trade dress protection.

83. Techsport's consoles have not earned any acquired distinctiveness in the design of its consoles.

84. Techsport's console designs are purely functional.

85. Accordingly TigraTech desires a judicial determination and declaration that

    a. The design of the consoles offered by Techsport are purely functional

    b. The design of the consoles offered by Techsport are not inherently distinctive

    c. The design of the consoles offered by Techsport do not possess any acquired distinctiveness; and

    d. Techsport does not possess any trade dress rights in its Apple Product bike console.

## NINTH CAUSE OF ACTION

## DECLARATION OF NON INFRINGMENT OF ALLEGED TRADE MARK

## [California Common Law]

86. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

87. An actual controversy exists regarding TigraTech's description of its consoles as "bike consoles." Techsport has represented that it owns trademark rights in the term "bike console" and therefore objects to TigraTech's use of the phrase to describe its consoles. TigraTech, however, contends the term "bike console" is a descriptive phrase that is not protectable as a trademark. Moreover,

17

if it were protected as a trademark, the "descriptive fair use" exception would apply under both California state trademark law as well as U.S. Trademark Law.

88. There is nothing inherently distinctive about Techsport's use of the term "bike console" which would warrant trademark protection.

89. Techsport's use of the phrase "bike console" does not have any acquired distinctiveness.

90. Techsport's use of the phrase "bike console" is purely descriptive.

91. TigraTech's use of the phrase "bike console" is purely descriptive.

92. Accordingly TigraTech desires a judicial determination and declaration that

    a. The phrase "bike console" is a descriptive phrase

    b. The phrase "bike console" is not inherently distinctive

    c. The phrase "bike console" used by Techsport does not possess any acquired distinctiveness; and

    d. Techsport does not possess any trademark rights in phrase "bike console."

## TENTH CAUSE OF ACTION

## ACCOUNTING

### [California Common Law]

93. TigraTech realleges and incorporates the above allegations as though fully set forth herein.

94. As a direct and proximate result of Techsport's unlawful acts as alleged herein, TigraTech has been and continues to be injured in its business and property, and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known, while Techsport is profiting at TigraTech's expense in an amount not presently known. Those profits rightfully belong to TigraTech.

95. The amount of the profits wrongfully realized by Techsport is

18

unknown to TigraTech and cannot by ascertained without an accounting. The information that is needed to establish that amount due is peculiarly within the knowledge of Techsport. TigraTech, therefore, demands an accounting for the aforementioned profits wrongfully realized by Techsport from their activities as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Defendant, and its officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116 and pursuant to California Business and Professions Code §§ 17200 et. sec, and 17535, from:

   (a) Using in any manner in connection with the Defendant's Internet website, business, or the services or goods offered or sold by Defendant, or in connection with any advertising or promotions for such business, services, or goods, the Registered Mark and the www.tigrasport.com domain name, and any colorable imitations thereof; (a)

   (b) Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or purchasers or prospective purchasers of the Defendant's products or services, as to the source of the Defendant's products or services, or likely to deceive members of the public or the trade, or purchasers or prospective purchasers of the Defendant's products or

19

services, into believing that there is some association between the Defendant and Plaintiff, or that the Defendant's products or services are being offered for sale with Plaintiff;

(c) Doing or allowing any act or thing which is likely to dilute or tarnish the distinctive quality of the common law marks TIGRA and TIGRA TECHNOLOGY, or otherwise injure Plaintiff business reputation or goodwill;

(d) Doing or allowing any use, affixation, offer for sale, selling, advertising or promoting goods or services with the common law marks TIGRA and TIGRA TECHNOLOGY, or any trade name or trademark confusingly similar to the TIGRA and TIGRA TECHNOLOGY common law marks, including marks incorporating the word "tigra."

(e) Engaging in acts of federal, state, or common law trademark or service mark infringement, dilution, false designation of origin, false advertising, or unfair competition that would injure and damage Plaintiff;

2. That Defendant be ordered to cease using the domain names www.tigrasport.com, or any colorable imitation thereof, or any similar domain name, and transfer ownership of the domain name to Plaintiff

3. That the Defendant, pursuant to 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the injunction a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

4. That the Defendant, be ordered to deliver up for destruction all products, advertisements, and other materials in the possession of the Defendant bearing the TIGRA and TIGRA TECHNOLOGY common law marks, or any colorable imitations thereof or confusingly similar

20

works thereto, including those bearing the mark TIGRA SPORT as well as all means of making the same;

5. That an accounting be ordered of all of the profits realized by the Defendant, or others acting in concert or participation with the Defendant, from the Defendant's unauthorized use, and infringement, of the TIGRA and TIGRA TECHNOLOGY common law marks, and acts of unfair competition, false designation of origin, and false advertising described herein;

6. That the Defendant account for and pay over to Plaintiff all of the profits realized by the Defendant, or others acting in concert or participation with the Defendant, from the Defendant's unauthorized use, and infringement of the TIGRA and TIGRA TECHNOLOGY common law marks, and acts of unfair competition, false designation of origin, and false advertising described herein;

7. That Plaintiff recover its damages sustained as a result of the Defendant's acts of unauthorized use and infringement of the TIGRA and TIGRA TECHNOLOGY common law marks, and acts of unfair competition, false designation of origin, and false advertising described herein;

8. That Plaintiff actual damages be increased pursuant to 15 U.S.C. § 1117(a);

9. That Plaintiff recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10. The court declare the design of Defendant's console to be not protected trade dress under California common law;

11. That the court declare the phrase "bike console" descriptive and not protected under California trademark law;

12. That Plaintiff be awarded punitive damages pursuant to California

Civil Code § 3294;

13. That Plaintiff recover the costs of this suit;

14. That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATED: October 22, 2010

**WANG, HARTMANN, GIBBS & CAULEY**

By:      Richard F. Cauley
         Lindy M. Herman
         *Attorneys for Plaintiff,*
         TIGRA TECHNOLOGY

COMPLAINT FOR DAMAGES; INJUNCTIVE RELIEF; AND DECLARATORY RELIEF

## JURY DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

**DATED: October 22, 2010**

**WANG, HARTMANN, GIBBS & CAULEY**

By:      Richard F. Cauley
         Lindy M. Herman
         *Attorneys for Plaintiff,*
         TIGRA TECHNOLOGY

23

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

TIGRA TECHNOLOGY, a California limited liability company

**DEFENDANTS**

TECHSPORT LTD, a Hong Kong company

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
1301 Dove Street, Suite 1050, Newport Beach, CA 92660
Tel: (949) 833-8483 | Fax: (949) 833-2281

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No        ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV10-01623 DOC(VBKx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Hong Kong | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: **In land condemnation cases, use the location of the tract of land involved**

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date October 22, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1623 DOC (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TIGRA TECHNOLOGY,
a California limited liability company

PLAINTIFF(S)

v.

TECHSPORT LTD,
a Hong Kong company

DEFENDANT(S).

| CASE NUMBER |
| --- |
| SACV10-01623 DOC(VBKx) |

**SUMMONS**

FOR OFFICE USE ONLY

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __2 1__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  _Richard F. Cauley & Lindy M. Herman_ , whose address is  Wang, Hartmann, Gibbs & Cauley, 1301 Dove St., Ste. 1050, Newport Beach, CA  92660 .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

OCT 2 2 2010

Clerk, U.S. District Court

RAMONA J A CHAPELLE

Dated: _____

By: _____

Deputy Clerk

*(Seal of the Court)*

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*