Case No. SACV 10-1623 DOC (VBKx)  Date: July 12, 2011

Title: TIGRA TECHNOLOGY v. TECHSPORT LTD.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT  NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT'S MOTION TO STAY LITIGATION AND TO COMPEL ARBITRATION

   Before the Court is Defendant Techsport Ltd.'s Motion to Stay Litigation and to Compel Arbitration in the above-captioned case ("Motion") (Docket 13). After considering the moving, opposing and replying papers, the Court GRANTS the Motion.

  **I. BACKGROUND**

   According to the allegations of the First Amended Complaint ("FAC"), Plaintiff Tigra Technology ("Plaintiff") is a California limited liability company whose business consists of manufacturing and distributing bicycle accessories: namely, consoles mounted to bicycles which are intended to hold various versions of the Apple iPod, iTouch, and iPhone. FAC, ¶ 8. Defendant Techsport Ltd ("Techsport") is a Hong Kong company that manufactures similar products for distribution throughout Asia, Europe and the United States. *Id*., ¶ 10. After meeting at a trade show, Plaintiff and Defendant entered into a contract wherein Plaintiff agreed to distribute Defendant's products in the United States for a period lasting from October 7, 2009 through October 7, 2010 ("Distribution Agreement"). *Id.*, ¶ 13. The Distribution Agreement contains an arbitration clause stating that "[a]ny dispute arising from or relating to this Agreement, including the existence, validity or termination of this Agreement, shall be adjudicated by the Hong Kong International Arbitration Centre (HKIAC)," ("Arbitration Clause"). Distribution Agreement, ¶ 9.3 (attached as Exh.1 to Def.'s Mot.).

MINUTES FORM 11 DOC                    Initials of Deputy Clerk: jcb
CIVIL - GEN                                Page 1 of 4

According to Plaintiff, problems arose in the arrangement between the parties when Defendant proved unable to supply Plaintiff with an adequate quantity of product. FAC, ¶ 14. Plaintiff alleges that the Distribution Agreement was terminated as a result of these issues and that Plaintiff began to manufacture and distribute its own consoles under the distinctive marks "Tigra" and "Tigra Technology." *Id*., ¶¶ 14-16. Plaintiff claims to be the owner of these marks. *Id*., ¶ 16. Plaintiff further contends that, subsequent to Plaintiff's release and distribution of its own "Tigra" products, Defendants introduced products into the United States market that were confusingly similar to the products offered by Plaintiff. *Id.* ¶¶ 18-25. As a result of this alleged conduct, Plaintiff filed suit in the instant Court on October 22, 2010. Plaintiff's FAC lists causes of action for: violation of the Lanham Act, §§ 43(a) and 43(b); trademark infringement in violation of California common law; false designation of origin in violation of Cal. Bus. & Prof. Code § 17200 *et. seq*; false advertising in violation of Cal. Bus. & Prof. Code § 17500 *et. seq.*; declaratory relief; international interference with prospective economic advantage; and an accounting.

Defendant contends that the allegations of the FAC constitute a challenge to the provisions of the Distribution Agreement that specify that Defendant, not Plaintiff, is "the sole and exclusive owner" of various trademarks and their associated goodwill, including a trademark in the use of "any word or phrase containing the name . . . 'TigraSport' . . .," Distribution Agreement, ¶ 3.1, or any "other names or marks used by [Defendant] whether registered or otherwise." *Id.*, ¶ 1.3. Defendant accordingly submits that Plaintiff's claims fall under the Arbitration Clause contained in the Distribution Agreement. As a result, Defendant moves the Court to stay the instant action while the parties complete mandatory arbitration in front of the HKIAC.

## II. LEGAL STANDARD

The United States and Hong Kong are signatories to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is commonly referred to as the "New York Convention" and is incorporated into the laws of the United States under 9 U.S.C. § 201 *et seq*. By its terms, the New York Convention applies to any "arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial." 9 U.S.C. § 202. When an agreement falls under the New York Convention, courts "may direct that arbitration be held in accordance with the agreement at any place provided for therein, whether that place is within or without the United States." 9 U.S.C. § 206.

Federal policy favoring enforcement of freely negotiated arbitration agreements "applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999). Accordingly, "the most minimal indication of the parties' intent to arbitrate must be given full effect . . . in international disputes." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991); *Convat LP v. Unilver, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004). Furthermore, the scope of an arbitration clause must be interpreted liberally and "as a matter of federal law, any doubts concerning the scope of arbitrable disputes should be resolved in favor of arbitration," *Moses N.*

*H. Cone*, 460 U.S. 1, 24 (1997), such that "[a]n order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworks of America v. Warrior & Gulf Navig. Co.*, 363 U.S. 574, 582-83 (1960); *Convat*, 350 F. Supp. 2d at 804.

### III. DISCUSSION

Plaintiff concedes that the Distribution Agreement was validly formed and is legally enforceable.[1] Therefore, the sole remaining question is whether the subject matter of Plaintiff's Complaint is covered by the Arbitration Clause. The Court concludes that it is.

The broad language in the Arbitration Clause, which directs the parties to arbitrate "[a]ny dispute arising from or relating to this Agreement," reflects the parties intention to resolve all grievances related to the Distribution Agreement through arbitration. Because all doubts regarding the construction of an arbitration clause are resolved in favor of arbitration, to require arbitration, Plaintiff's allegations in the instant action need only "touch matters" covered by the Distribution Agreement. *Simula, Inc. v. Autoliv. Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (citing *Mitsubishi Motors*, 473 U.S. at 624 n.13). Each cause of action asserted in Plaintiff's Complaint "touches" the issues of trademark ownership and use governed by the Distribution Agreement. There is undeniable overlap between the Distribution Agreement's provisions referencing the "Tigrasport" trademark and Plaintiff's allegations concerning Defendant's use of that mark. Resolution of Plaintiff's claims undoubtedly will entail interpretation of the Distribution Agreement. Clearly, then, the Arbitration Clause's mandate that the parties arbitrate all disagreements "relating to" the Distribution Agreement has been triggered. This is not a case where "it can said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworks*, 363 U.S. at 582-83.

Defendant's Motion is therefore GRANTED.

### IV. DISPOSITION

For the reasons set forth above, Defendant's Motion is GRANTED. Parties are ORDERED to proceed to arbitration. The instant action is STAYED pending the outcome of the arbitration.

This case will be inactivated statistically for the pendency of the stay. Within fourteen (14) days of the completion of the arbitration proceedings, the parties shall notify the Court of whether

---

[1]Plaintiff's Opposition advances no arguments with respect to the invalidity or non-enforceability of the Distribution Agreement. The Court construes Plaintiff's failure to lodge such arguments as a concession that the Distribution Agreement is valid and enforceable.

the case should be closed permanently or restored the Court's active caseload.

The Clerk shall serve this minute order on all parties to the action.